IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVEN DARNELL BLOUNT,

    Petitioner,

v.                                                                      Civil Action No. **3:12cv418**

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Steven Darnell Blount, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Portsmouth, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Blount has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

A jury found Blount guilty of robbery, malicious wounding, and two counts of use of a firearm in relation to those felonies. On December 11, 2008, the Circuit Court entered final judgment with respect to the above convictions and sentenced Blount to a total of twenty-three years in prison. *Commonwealth v. Blount*, No. CR08000289–01 through –04, at 2–3 (Va. Cir. Ct. Dec. 11, 2008). Blount appealed his convictions. On March 3, 2010, the Supreme Court of Virginia refused Blount's petition for appeal. *Blount v. Commonwealth*, No. 091727, at 1 (Va. Mar. 3, 2010).

On February 28, 2011, Blount filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Blount v. Dir., Dep't of*

*Corr.*, No. 110357 (Va. filed Feb. 28, 2011). On June 21, 2011, the Supreme Court of Virginia denied the petition on the merits. *Blount v. Dir., Dep't of Corr.*, No. 110357, at 5 (Va. June 21, 2011).

On June 1, 2012, Blount filed his § 2254 Petition with this Court.[1] In his § 2254 Petition, Blount asserts:

| | |
|---|---|
| Claim One | Trial counsel was inexperienced and lack of preparation rendered her ineffective. |
| Claim Two | Trial counsel rendered ineffective assistance by failing to subpoena a toxicologist to demonstrate the victim's intoxication. |
| Claim Three | Trial counsel rendered ineffective assistance by "failing to object to appealable issues" to preserve them for appeal. (§ 2254 Pet. Attach. 8 (capitalization corrected).) |

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Blount's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] This is the postmarked date on the envelope Blount used to mail his § 2254 Petition. (§ 2254 Pet., Envelope (ECF No. 1–1).) Accordingly, the Court deems this the date Blount placed the § 2254 Petition in the prison mailing system and, hence, the date this Court deems it filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. Commencement and Running of the Statute of Limitations

Blount's judgment became final on Wednesday June 1, 2010, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on June 2, 2010, and 271 days of the limitation period elapsed before Blount filed his state petition for a writ of habeas corpus on Monday, February 28, 2011. *See* 28 U.S.C. § 2244(d)(2).

3

## C. Statutory Tolling

Here, the limitation remained tolled until the Supreme Court of Virginia dismissed Blount's habeas petition on June 21, 2011. Blount had 94 days, or until September 23, 2011, to timely file his federal habeas petition. Instead, the limitation period ran for another 345 days before Blount filed the present § 2254 Petition. Because the limitation period ran for a total of 616 days before Blount filed his § 2254 Petition, the statute of limitations bars the § 2254 Petition unless Blount demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Neither Blount nor the record suggests any plausible basis for equitable tolling or belated commencement of the limitation period.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be GRANTED. Blount's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED.[2]

An appropriate Final Order shall issue.

Date: 5/21/13
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Blount fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.